# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

VISION BANK,                         :
                                     :
    **Plaintiff,**              :
                                     :
VS.                                  : CIVIL ACTION NO. 11-00093-KD-B
                                     :
PLATINUM INVESTMENTS, L.L.C.,        :
*et al.,*                            :
                                     :
    **Defendants.**             :


## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Plaintiff Vision Bank's Motion to Remand, or in the Alternative, Motion for Abstention (Doc. 6). Although Defendants were directed to file a response to Plaintiff's motion, no response was filed[1]. (Doc. 7). Based upon a careful review of

---

[1] As noted supra, Defendants have not filed any response to Plaintiff's motion. Courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F. 3d 1301, 1326 (11th Cir. 2000)(finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned). Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007)(concluding that a plaintiff's failure to respond to Plaintiff's motion to dismiss resulted in dismissal of those claims as abandoned.); Northern Assur. Co. of America v. Bayside Marine Constr., Inc., 2009 U.S. Dist. LEXIS 4033 (S.D. Ala. January 20, 2009)([a party's] decision not to proffer argument or authority in response to the Motion [to dismiss] is at his peril.") While lack of opposition certainly provides
(Continued)

Plaintiff's motion and the case file, the undersigned **RECOMMENDS** that Plaintiff's motion be **GRANTED,** and that this case be **REMANDED** to the Circuit Court of Baldwin County**.**

## I.  Background

On August 13, 2009, Plaintiff Vision Bank filed an action in the Baldwin County Circuit Court alleging breach of a promissory note, which was executed by Defendant Platinum Investments, LLC (hereinafter "Platinum") and was personally guaranteed by Defendants David Pilger (hereinafter "Pilger") and Gregory Stewart (hereinafter "Stewart"). (Doc. 1, Ex. A at 1). Subsequent thereto, Defendants Platinum and Stewart filed a counterclaim against Vision Bank and third party Defendant Andrew Braswell. In the counterclaim, Defendants have asserted the following claims: intentional fraud, deceit/ fraudulent concealment, wanton misrepresentation, negligent misrepresentation, and innocent misrepresentation. (Id., Ex. B at 7-11). While this case was pending in the state court, the parties conducted discovery and filed dispositive motions, and the case was set for a bench trial on February 23, 2011. (Doc. 6 at 1). On February 14, 2011, Platinum filed a voluntary petition for Chapter 11 bankruptcy, and on February 22, 2011, the eve of the bench trial scheduled in state courts, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1452 and

---

sufficient basis for "abandonment," the better course of action is to consider the motion on its merits. Id. at *9.

Federal Bankruptcy Rule 9027. (Id.). Plaintiff has filed the instant motion to remand this action to state court. Plaintiff argues that this case should be remanded on equitable grounds pursuant to 28 U.S.C. §1452(b), or in the alternative, that this court should abstain from hearing this action under 28 U.S.C. § 1334(c)(1)'s permissive abstention doctrine. As noted supra, Defendants have voiced no opposition to Plaintiff's request to remand.

## II. <u>Analysis</u>

### A. <u>Standard of Review</u>

Federal Courts are courts of limited jurisdiction. <u>See Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (1994). On a motion to remand, "the removing party bears the burden of establishing jurisdiction." <u>Diaz v. Sheppard</u>, 85 F. 3d 1502, 1505 (11th Cir. 1996). Due to the limited jurisdiction of federal courts, the Eleventh Circuit favors remand of removed cases where jurisdiction is not clear. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

### B. <u>Discussion</u>

In bankruptcy removal cases, the following established framework is useful in guiding the Court's analysis: "1) Does subject matter jurisdiction exist?, 2) If so, should that jurisdiction be exercised or is abstention or remand

appropriate? St. Vincent's Hosp. v. Norrell (In re Norrell), 198 B.R. 987, 991 (Bankr. N.D. Ala. 1996).

**1. Subject-matter jurisdiction**

As a threshold matter, the undersigned observes that 28 U.S.C. § 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under Title 11." Accordingly, this statute confers jurisdiction on the court in three circumstances: civil proceedings that (1) arise under Title 11, (2) arise in a case under Title 11; or (3) are related to a case under Title 11. Agee v. Assocs. First Capital, Corp., 2005 U.S. Dist. LEXIS 44880 (M.D. Ala. Sep. 28, 2005). "[For purposes of establishing jurisdiction] [i]t is not necessary to determine which . . . category[] applies to a particular action . . . only whether a matter is at least "related to" the bankruptcy. 1- Iron Commer. Premium v. Taylor Agency, Inc. (In re Taylor Agency, Inc.), 281 B.R. 94 (Bankr. S.D. Ala. 2001).

In this case, Defendants asserted in their removal petition that jurisdiction exists in this action because the disposition of Defendants counterclaims will affect the amount of property in the Debtor Platinum's estate; thus, the proceedings are "related to" the pending bankruptcy action, and in the alternative, that this is a "core" proceeding under 28

U.S.C. § 157(b)(2)(A). (Doc. 1 at 3-4). Plaintiff Vision Bank does not contest that this case is related to Defendant Platinum's bankruptcy and as a result, jurisdiction exists under § 1452(a). Plaintiff instead argues that notwithstanding jurisdiction, this case should be remanded on equitable grounds under §1452(b), or in the alternative, that this Court should abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1). (Doc. 6).

"In order for the [] court to exercise [related to] subject matter jurisdiction over a dispute . . . some nexus between the civil proceeding and the Title 11 case must exist." <u>Munford v. Munford, Inc. (In re Munford)</u>, 97 F. 3d 449, 453 (11th Cir. 1996). In this case, it is clear that the outcome of Platinum's fraud and misrepresentation counter-claims will either increase or decrease the amount of property in its bankruptcy estate, and thus effect the administration of the bankruptcy estate. Accordingly, subject matter jurisdiction exists under § 1452 (a). <u>See</u> <u>In re Taylor Agency, Inc.</u>, 281 B.R. at 98 (finding that where the outcome of the action will have an effect on the assets of the bankruptcy estate the court action is at least "related.")[2].

_____

[2] The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in
(Continued)

**2. Abstention and Remand**

   **a. Mandatory Abstention**

Having determined that subject matter jurisdiction exists, the Court must next consider whether it is appropriate under the circumstances to exercise jurisdiction over the claims. § 1334(c) provides for both mandatory and permissive abstention. The mandatory abstention provision, Section 1334(c)(2), provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

Under the mandatory abstention provision, the Court must refrain from hearing the action if: "1)the claim has no independent basis for federal jurisdiction, other than §1334(b); 2) the claim is a non-core proceeding. That is, it is related to a case

bankruptcy. In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, freedom of action, or the administration of the bankrupt estate.

Agee, 2005 U.S. Dist. LEXIS 44880 at *11.

under title 11 but does not arise under or arise in a case under title 11; 3) an action has been commenced in state court; and 4)the action could be adjudicated timely in state court." Silliman v. GMC, 2009 U.S. Dist. LEXIS 86645, *3 (N.D. Ga. Sept. 21, 2009)(quoting E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC), 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002)).

Per the language of § 1334(c)(2), in order for mandatory abstention to apply, a party must timely move for mandatory abstention. St. Vincent's Hospital v. Norrell (In re Norrell), 198 B.R. 987, 997 (N.D. Ala. 1996). In other words, mandatory abstention may not be raised by the Court sua sponte. See Whitney Lane Holdings, LLC v. Don Realty, LLC, 2010 U.S. Dist. LEXIS 29778, *13 (N.D.N.Y. March 26, 2010)(citing In re Craft Architectural Metals Corp., 115 BR 423, 424 (Bankr. E.D.N.Y. 1989)). Because no party has raised the issue of mandatory abstention, the undersigned finds that it is not applicable.


### b. Permissive Abstention

Although the issue of mandatory abstention it not before this Court, a district court may nevertheless discretionarily abstain from hearing any matter that derives jurisdiction from § 1334. Under the permissive abstention doctrine, a district court may "abstain[] from hearing a particular proceeding

arising under title 11 or arising in or arising in or related to case under title 11',]" where doing so would be "in the interest of justice, or in the interest of comity with state courts or respect for state law." 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) provides as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In determining whether to abstain under § 1334(c)(1), courts consider the following factors:

> (1)The effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial;

> and (12) the presence in the proceeding of
> non-debtor parties.

In re Norell, 198 B.R. at 995 (citing In re Tucscon Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990)); See also, Agee v. Assocs. First Capital, Corp., 2005 U.S. Dist. LEXIS 44880, 18* (M.D. Ala. Sept. 28, 2005)(citing Retirement Systems of Ala. v. Merrill Lynch & Co., 209 F.Supp. 2d 1257, 1267-68 (M.D. Ala 2002). "Courts should apply these factors flexibly, for their relevance and importance will vary with each particular circumstance of each case, and no one factor is necessarily determinative." Cassidy v. Wyeth-Ayerst Laboratories Div. of American Home Products Corp., 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999)(quoting Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)).

In this case, the undersigned finds that application of the above factors favors abstention. Factors (1)-(8) concern the substance of the claims, the feasibility of hearing those claims in state court, and whether or not remand would have an adverse effect on the administration of the bankruptcy estate. This action has no independent basis for jurisdiction and is a non-core proceeding. Both the original breach of contract claims asserted by Vision Bank, and the counterclaims alleging fraud, misrepresentation, and negligence involve purely state law claims, as opposed to a substantive right created by federal

bankruptcy law, and as such, they constitute "non-core" claims. In re Davis, 899 F.2d 1136, 1140-41 (11th Cir. 1990)(holding that "[i]f the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding."). To the extent that the counterclaim represents a "core" claim, it is only by form and not substance.[3] "The only tie between the predominant state law claims and . . . bankruptcy[] estate is the potential that money from a judgment or settlement may find its way to the estate[] . . . . It makes

---

[3] Defendants assert in their notice of removal that the action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) because the estate has filed a counterclaim which could limit its indebtedness. (Doc. 1 at 4). Section §157(b) provides a laundry list of actions which constitute "core" proceedings for purposes, including ruling out mandatory abstention. Specifically § 157(b)(2)(A) refers to "matters concerning the administration of the estate." Section 157(b)(2)(A) is considered a "catch-all provision" involving "managerial matters incident to case management which are peculiarly within the province of the bankruptcy court." McKee v. Lemons, 1999 U.S. Dist. LEXIS 8735, at *10, n. 7 (citing Walker v. Commercial Credit Corp., 192 B.R. 260, 266 (M.D. Ala. 1996)). Eleventh Circuit courts have been hesitant to find a proceeding to fit within 157(b)(2)(a) where the proceeding "does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy." Id. at *9-10 (discussing application of catch-all provisions § 157(b)(2)(A) and § 157(b)(2)(O) (quoting In re Davis, 899 F.2d 1136, 1140-41 (1990)). Since this proceeding does not involve a substantive bankruptcy proceeding, it is a "non-core" proceeding.

no difference to the debtor's bankruptcy estate whether a judgment or settlement comes from state or federal court." Agee, 2005 U.S. Dist. LEXIS 44880 at *20-21. Additionally, the claims are the type with which state courts routinely deal and they do not involve the expertise of a bankruptcy court. To the extent necessary, the action as between Vision Bank and the guarantors Pilger and Stewart can be easily severed from the counterclaim so that there will be no adverse effect on the administration of the bankruptcy estate. Finally, while Defendants may not be "forum shopping" per se, removal on the eve of the state court trial certainly suggests gamesmanship on the part of the Defendants. Having evaluated the relevant factors, the undersigned finds that they weigh heavily in favor of abstention.

### c. Equitable Remand

28 U.S.C. § 1452(b) allows a court to remand claims on "equitable grounds." "The equitable considerations relevant to determine the appropriateness of equitable remand and permissive abstention under Sections 1452(b) and 1334(c)(1), respectively, are essentially identical, and, therefore, a court's analysis is substantially the same for both types of relief." McKee v. Lemons, 1999 U.S. Dist. LEXIS 8735, *18 (S.D. Ala. Mar. 31, 1999)(quoting In re Donnington, 194 B.R. 750, 759 (Bankr. D. N.J. 1996)). Specific equitable grounds include:

> 1) Forum non-conveniens; 2) that the entire
> action of a bifurcated matter should be
> tried in the same court; 3) that a state
> court is better able to resolve state law
> questions; 4) expertise of a particular
> court; 5) judicial economy; 6) prejudice to
> the involuntarily removed party; 7) comity;
> and 8) the lessened possibility of an
> inconsistent result.

In re Norell, 198 B.R. at 997.

In addition to the reasons discussed above, the interests of judicial comity and economy strongly favor remand in this case. Not surprisingly, state courts have long been considered the preferred arbiters of state law claims, and the abstention powers have been interpreted broadly. Baggett v. First National Bank, 117 F.3d 1342, 1353 (11th Cir. 1997)("State courts, not federal courts, should be the final arbiters of state law.")(citing Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992)); In re Republic Reader's Service, Inc., 81 B.R. 422, 427 (S.D. Texas 1987) ("State courts afford the best forum for deciding issues whose resolution turns on interpretation of state law; consequently I interpret the abstention powers granted by Congress broadly.").

As noted supra, the claims in this case are all state-law claims with peripheral bankruptcy issues arising from the counterclaim filed by the Defendants, prior to Platinum's bankruptcy filing. While there are no difficult or novel

questions of state law that would make the state court particularly suited to decide the action, state courts routinely hear these types of matters and are best suited to provide a quick resolution. <u>Hatcher v. Lloyd's of London</u>, 204 B.R. 227, 233 (M.D. Ala. 1997).

Additionally, as stressed by Plaintiff, the state court case has been pending since August 13, 2009, the state court judge is well-versed with the case, and an immediate setting will likely be available in the state court. (Doc. 6 at 3-4). Conducting additional discovery in this Court and further delaying a judgment in this matter is not in the interest of justice or judicial economy. Allowing the state court to hear this action will prevent needless additional expenses for the litigants and an additional waste of judicial resources. Accordingly, the undersigned finds that the relevant equitable considerations weigh in favor of abstention.

## III. <u>Conclusion</u>

For the reasons set forth above, the undersigned recommends that Plaintiff Vision Bank's Motion to Remand, or in the Alternative, Motion for Abstention be granted, and that this case be remanded back to the Circuit Court of Baldwin County.

DONE this **10th** day of **May, 2011.**

**_____/s/ Sonja F. Bivins_____**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is,  a  matter  excepted  by  28  U.S.C.  § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation,  unless  a  different  time  is established by order.  The statement of objection shall   specify   those   portions   of   the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of  filing  the  objection,  a  brief  setting  forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to  submit  only  a  copy  of  the  original  brief submitted  to  the  magistrate  judge,  although  a copy  of  the  original  brief  may  be  submitted  or referred  to  and  incorporated  into  the  brief  in support  of  the  objection.  Failure  to  submit  a

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

brief in support of the objection may be deemed
an abandonment of the objection.


　　　　A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.　　***Transcript (applicable Where Proceedings Tape Recorded).***
Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the
Magistrate Judge finds that the tapes and original records in
this case are adequate for purposes of review.　Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

　　　　DONE this **10th** day of **May**, **2011.**

　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**_____
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**